IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEEANN SPELL | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| JAMES HATFIELD; DEBRICK | § | |
| TRUCK LINE COMPANY, AND D.K. | § | |
| CHAPMAN TRANSPORT, LLC | § | |
| | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

**COME NOW,** Defendants James Hatfield and Debrick Truck Line Company, and hereby petition this Court pursuant to 28 U.S.C. §§ 1332, 1441 (b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Dallas Division, of the action numbered and styled *Leeann Spell v. James Hatfield; Debrick Truck Line Company; and D.K. Chapman Transport, LLC.,* Cause No. DC-21-03279, in the 191st Judicial District Court of Dallas County, Texas, (hereinafter the "State Court Case"), and in support thereof would respectfully show this Court as follows:

**I.**
**REMOVAL IS PROPER AND TIMELY**

1.      This matter was originally filed on March 12, 2021, in the 191st Judicial District Court of Dallas County, Texas. Defendants James Hatfield and Debrick Truck Line Company were served with *Plaintiffs' Original Petition* ("Petition") on March 17, 2021 and the case was timely removed to Federal Court under 28 U.S.C. § 1446(b). Despite the case pending in Federal Court for over a year, Plaintiff has now added Plaintiff's employer at the time of the subject incident,

D.K. Chapman Transport, LLC, as a defendant to this suit, and either through mistake or fraud alleges her employer was the employer of Defendant James Hatfield, to destroy diversity and have the case remanded. The Court has now ordered the case be remanded after Plaintiff repeatedly failed to show there was no longer complete diversity of citizenship for this case. Plaintiff failed to comply with this court's order on the need to show diversity of citizenship exists, but of course Plaintiff had a motivation to not show diversity of citizenship so that the case can be remanded. *See Document No. 45*. The allegations against D.K. Chapman Transport, LLC were made either mistakenly, or through fraud, as Plaintiff's own evidence produced confirm this was ***Plaintiff's*** employer, and ***not Defendant*** James Hatfield's employer. Defendants have now confirmed these allegations are false, and on July 26, 2022, the owner for Debrick Truck Line Company, Ken Debrick, confirmed and signed an affidavit confirming this information alleged by Plaintiff through her Third Amended Petition was false, and this document is sufficient to make the case removable again. *See Ken Debrick Affidavit attached as Exhibit 7*. Defendants James Hatfield and Debrick Truck Line Company again point to the court the fraudulent joinder, and remove the matter back to Federal Court, and are therefore the Removing Defendants.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2.      The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Defendants assert that D.K. Chapman Transport, LLC. was impermissibly joined—through mistake or fraud—and this improper joinder does not destroy federal court's jurisdiction over this matter as the proper parties are diverse in citizenship. Plaintiffs in this action are citizens of a different state from the Defendants, and no Defendant is a citizen of Texas.  Complete diversity exists.

3.      Plaintiff Leeann Spell was a citizen of Dallas County, Texas at the time this action was filed. Consequently, Plaintiff Leeann Spell was at the time this action was commenced, and is currently, a citizen of the State of Texas and no other state.

4.      Defendant James Hatfield was a citizen of Johnson County, Kansas at the time this action was filed. Consequently, Defendant James Hatfield was at the time this action was commenced, and is currently, a citizen of the State of Kansas and no other state.

5.      Defendant Debrick Truck Line Company is incorporated in the State of Kansas with its principal place of business now and at the time the action was commenced, in Paola, Miami County, Kansas.  Therefore, Defendant Debrick Truck Line Company was at the time this action was commenced, and is currently, a citizen of the State of Kansas and no other state.

6.      Defendant D.K. Chapman Transport, LLC, is a Texas corporation doing business in Dallas County, Texas, that has been fraudulently or mistakenly joined to destroy diversity of citizenship, despite the case pending in Federal Court for over a year.  On Page 3, Section 8 of *Plaintiff's Third Amended Complaint attached as Exhibit 8.*  Plaintiff alleges that Defendant James Hatfield was the operator of an 18-wheeler [tractor-trailer] "operating his 18-wheeler and towing Unit 3, owned by D.K. Chapman Transport, LLC."   Then on page 4, Section 10 of *Plaintiff's Third Amended Complaint*, Plaintiff either fraudulently or mistakenly alleges and refers to Defendant D.K. Chapman Transport, LLC as the "owner of the vehicles driver by Defendant James Hatfield." The same section further goes on to indicate that D.K. Chapman Transport, LLC "entrusted their vehicles to Defendant James Hatfield." Defendant D.K. Chapman Transport, LLC. is a separate entity who actually employed Plaintiff herself, not Defendant James Hatfield as the Complaint alleges. *See Plaintiff's payroll records produced as part of this lawsuit and attached as Exhibit 9.*   Plaintiff has either mistakenly or fraudulently sued Defendant D.K. Chapman

Transport, LLC, and joined as a party in order to destroy diversity of citizenship.[1]

7.      Plaintiff has now fraudulently joined D.K. Chapman Transport, LLC as a defendant to the lawsuit, who was **Plaintiff's own employer** at the time of the subject incident that forms the basis of this litigation.  The joinder of D.K. Chapman Transport, LLC, is fraudulent as there is no real connection in the subject matter of Plaintiffs' claims against Defendants James Hatfield and Debrick Truck Line Company.   Plaintiff alleges in her Second and Third Amended Complaints, that this entity, D.K. Chapman Transport, LLC, was the owner of the vehicle operated by Defendant James Hatfield at the time of the subject incident, and employed as well as negligently entrusted the equipment to Defendant James Hatfield at the time of the subject incident, which was a clear mistake or an outright fraudulent allegation to make in light of what the evidence shows. This constitutes outright fraud in the plaintiff's pleadings, as outlined in *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).

8.      D.K. Chapman Transport, LLC is therefore an improper party, not connected to the defendant driver involved in incident that gave rise to this lawsuit.  Defendant, D.K. Chapman Transport, LLC is an improper party and as such its citizenship is irrelevant and should be disregarded.  *See Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979) (stating that if the claim against a local defendant is deemed fraudulent, lack of diversity will not prevent removal). Therefore, complete diversity exists.

---

[1] Federal Courts use a myriad of tests to determine if diversity jurisdiction exists when claims of fraudulent joinder are alleged. The most widely used is the "No Possibility Test" requiring the removing party to show "either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court[,] or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).

### III.
### SNAP REMOVAL PURSUANT TO 28 U.S.C. 1441(b)(2)

9.      Alternatively, district courts of the United States also have original jurisdiction over this action based on diversity of citizenship among the parties when an out-of-state defendant removes a state court case to federal court before an in-state Defendant is properly joined and served pursuant to the plain language in 28 U.S.C. § 1441(b)(2).

10.     The U.S. Court of Appeals for the Fifth Circuit has affirmed the use of "snap removal" by an out-of-state defendant to remove a state court case to federal court before service is effectuated on in-state defendants.  Normally, under the *local defendant* rule, removal to federal court is not permitted where a defendant is a citizen of the forum state. Relying on the plain language of 28 U.S.C. § 1441(b)(2), which limits the forum defendant rule to parties "properly joined and served," the U.S. Court of Appeals for the Fifth Circuit in *Texas Brine Company, L.L.C. v. American Arbitration Association, Inc*., (5th Cir. Apr. 7, 2020), held that an out-of-state defendant served with process can immediately remove to federal court before in-state defendants are served.  In *Texas Brine*, the Fifth Circuit eliminated all doubt when it expressly held that as long as all other prerequisites to removal are met, a non-forum defendant may remove a case so long as the forum defendant is not yet "properly joined and served" at the time of removal. *Id.*

11.     Therefore, in the present case, Defendant , D.K. Chapman Transport, LLC, is not only an improper party but also has not yet been "properly joined and served," and therefore Defendants James Hatfield and Debrick Truck Line Company may remove the case to federal court since all other prerequisites for removal have been met.

## IV.
## AMOUNT IN CONTROVERSY

12.    In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. 28 U.S.C. § 1446(C)(2)(A).  The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446.  First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A).  Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B).  Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy.  *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).  Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount.  *See McPhail,* 529 F.3d at 955.

13.    A review of the Plaintiffs' Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00.  *Plaintiffs' Original Petition* alleges that "Plaintiff seeks monetary relief of over $250,000.00, but not more than $1,000,000.00." (Pls. Orig. Pet., pg. 1, ¶ 2).  Plaintiff claims the following damages: physical pain and suffering in the past and future; mental anguish in the past and future; physical impairment in the past and future; property damage and loss of use of Plaintiff's vehicle; lost wages in the past and loss of earning capacity in the future; and medical expenses in the past and future. (Pls. Orig. Pet., pg. 5, ¶ 7).  Based on Plaintiffs' claimed damages, it is clear that Defendants will be subjected to exposure beyond the $75,000.00

jurisdictional threshold of this Court.  Plaintiff has therefore affirmatively pled monetary relief sought over $250,000.00. (Pls. Orig. Pet., pg. 1, ¶ 2).

14.     Defendants assert that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a).  As plead the amount in controversy in this case is in excess of $250,000.00. (Pls. Orig. Pet., pg. 1, ¶ 2).

**V.**
**PROCEDURAL REQUIREMENTS**

15.     Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff Leeann Spell and Defendants James Hatfield and Debrick Truck Line Company are diverse in citizenship.

16.     Defendant, D.K. Chapman Transport, LLC, has not been properly joined and served as of the date of filing this Removal, therefore the Removing Defendants do not have to seek that entities consent or joinder. 28 U.S.C. § 1446(b)(2)(A).  Defendant , D.K. Chapman Transport, LLC., was fraudulently or mistakenly joined to destroy diversity and its consent is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir.2007).  Alternatively, should this Court conclude that Defendant D.K. Chapman Transport, LLC was not fraudulently or mistakenly joined to destroy diversity, then removal is still appropriate under the plain language of 28 U.S.C. § 1441(b)(2), which limits the forum defendant rule to parties "properly joined and served," the U.S. Court of Appeals for the Fifth Circuit in *Texas Brine Company, L.L.C. v. American Arbitration Association, Inc*., (5th Cir. Apr. 7, 2020).

17.     By virtue of filing this Notice of Removal, the Removing Defendants do not waive their right to assert any motions to transfer venue or dismiss, including any F.R.C.P. Rule 12 motions, permitted by the applicable Federal Rules of Civil Procedure.

18.     All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2.  Those papers include copies of the Court's Docket Sheet and Plaintiffs' Original Petition, Plaintiff's Jury demand, the Original Notice of Removal to Federal Court filed on March 29, 2021, Federal Court order remanding case on June 14, 2021 along with the Federal Civil Docket and a Jury Trial Notice entered on June 22, 2022.

19.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

20.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Court Clerk of the 191st Judicial District Court of Dallas County, Texas promptly after the filing of this Notice.

## VI.
## PRAYER FOR RELIEF

**WHEREFORE**, James Hatfield and Debrick Truck Line Company, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action for trial from the 191st Judicial District Court of Dallas County, Texas to this Court, on the 27TH day of July 2022.

Respectfully submitted,

By:    /s/ *David L. Sargent*

       **DAVID L. SARGENT**
       State Bar No. 17648700
       david.sargent@sargentlawtx.com
       **GERARDO E. ALCANTARA**
       State Bar No. 24109569
       jerry.alcantara@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
Telephone: (214) 749-6000
Facsimile: (214) 749-6100

**ATTORNEYS FOR DEFENDANTS**
**JAMES HATFIELD AND DEBRICK**
**TRUCK LINE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27TH day of July 2022, a true and correct copy of the above and foregoing instrument was forwarded to the following counsel via certified mail return receipt requested:

Brennan Clay
Shelly Greco
WITHERITE LAW GROUP, PLLC
10440 N. Central Expressway, Suite 400
Dallas, Texas 75231-2228

/s/ *David L. Sargent*
**DAVID L. SARGENT**