# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LEEANN SPELL;** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:21-cv-00719-S** |
| | § | |
| **JAMES HATFIELD; DEBRICK TRUCK** | § | |
| **LINE COMPANY; AND D.K. CHAPMAN** | § | |
| **TRANSPORT, LLC;** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF Leeann Spell and complains of Defendants

James Hatfield, Debrick Truck Line Company, and D.K. Chapman Transport,

LLC and for cause of action shows the following:

## PARTIES

1.      Plaintiff Leeann Spell is an individual resident of Dallas, Dallas

County, Texas. Her driver's license number is *****795 and her social security

number is ***-**-*305.

2.      Defendant James Hatfield is an individual resident of De Soto,

Johnson County, Kansas. Defendant has answered and appeared herein.

3.      Defendant Debrick Truck Line Company is a corporation doing

business in Paola, Miami County, Kansas. Defendant has answered and

appeared herein.

**PLAINTIFF'S THIRD AMENDED COMPLAINT – Page 1**

4.      Defendant D.K. Chapman Transport, LLC is a corporation doing business in Dallas, Dallas County, Texas and may be served with process by serving its registered agent, Dwayne Chapman, at 5001 State Highway 114 #1106, Roanoke, Texas 76262.  Plaintiff is requesting a citation at this time.

## JURISDICTION AND VENUE

5.      The addition of Defendant D.K. Chapman Transport, LLC means that there is no longer complete diversity of citizenship with respect to the parties in this case.

6.      Venue of this case is proper in the Dallas division of the Northern District of Texas because the collision made the basis of this suit occurred in Dallas County, Texas, located within the boundaries of the Dallas division of the Northern District of Texas.

7.      Plaintiff's damages are in excess of the minimum jurisdictional limits of $75,000.

## FACTS

8.      This lawsuit arises out of a motor vehicle collision that occurred on or about Monday, January 4, 2021 at or near the intersection of South Walton Walker Boulevard and Duncanville Road within the city limits of Dallas, Dallas County, Texas.  Plaintiff Leeann Spell (Unit 1) was operating her vehicle northbound on Duncanville Road turning left onto South Walton Walker Boulevard in the left turn lane.  Defendant James Hatfield (Unit 2), while in the course and scope of his employment with, and operating under the Federal Motor Carrier authority of Defendant Debrick Truck Line Company, was operating

his 18-wheeler and towing Unit 3, owned by D.K. Chapman Transport, LLC, heading northbound on Duncanville Road turning left onto South Walton Walker Boulevard in the right turn lane.  Defendant James Hatfield failed to drive in a single lane while turning and collided hard with the passenger's side of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## CAUSES OF ACTION

**NEGLIGENCE – DEFENDANT JAMES HATFIELD**

9.      At the time of the motor vehicle collision, Defendant James Hatfield was operating  18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate  18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

a.      Defendant did not keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

b.      Defendant changed lanes when such movement could not be made safely in violation of TEX. TRANSP. CODE §545.060;

c.      Defendant did not drive in a single lane;

d.      Defendant did not keep an assured safe distance from Plaintiff's vehicle;

e.      Defendant did not timely apply the brakes of  18-wheeler in order to avoid the collision in question; and

f.      Defendant was operating said 18-wheeler at a greater rate of speed than a person of ordinary care and prudence would have done under the same or similar circumstances in violation of TEX. TRANSP. CODE §545.351.

**PLAINTIFF'S THIRD AMENDED COMPLAINT – Page 3**

**NEGLIGENT ENTRUSTMENT – DEFENDANTS DEBRICK TRUCK LINE COMPANY AND D.K. CHAPMAN TRANSPORT, LLC**

10.     As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendants Debrick Truck Line Company and D.K. Chapman Transport, LLC were the owners of the vehicles driven by Defendant James Hatfield.  Defendants Debrick Truck Line Company and D.K. Chapman Transport, LLC entrusted their vehicles to Defendant James Hatfield. Defendant James Hatfield was unlicensed, incompetent, and/or reckless and Defendants Debrick Truck Line Company and D.K. Chapman Transport, LLC knew or should have known that Defendant James Hatfield was unlicensed, incompetent, and/or reckless.  Defendant James Hatfield's negligence on the occasion in question proximately caused the collision.

**RESPONDEAT SUPERIOR – DEFENDANTS DEBRICK TRUCK LINE COMPANY AND D.K. CHAPMAN TRANSPORT, LLC**

11.     Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant James Hatfield was in the course and scope of  employment with Defendants Debrick Truck Line Company and D.K. Chapman Transport, LLC thereby making Defendants Debrick Truck Line Company and D.K. Chapman Transport, LLC liable under the doctrine of *Respondeat Superior.*

**NEGLIGENCE – DEFENDANTS DEBRICK TRUCK LINE COMPANY AND D.K. CHAPMAN TRANSPORT, LLC**

12.     Defendants Debrick Truck Line Company and D.K. Chapman Transport, LLC negligently hired and retained Defendant James Hatfield.

Defendants Debrick Truck Line Company and D.K. Chapman Transport, LLC failed to properly qualify, train, and/or supervise Defendant James Hatfield in order to prevent such collision.

13.    Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## DAMAGES

14.    As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Property damage and loss of use of Plaintiff's vehicle;

d.    Physical pain and suffering in the past and future;

e.    Mental anguish in the past and future; and

f.    Physical impairment in the past and future.

## JURY TRIAL

15.    Plaintiff demands a trial by jury and includes the appropriate jury fees.

## RELIEF

16.    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

a.   Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

b.   Plaintiff's future medical expenses;

c.   Plaintiff's lost wages in the past and loss of earning capacity in the future;

d.   Plaintiff's property damage and loss of use of Plaintiff's vehicle;

e.   Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

f.   Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

g.   Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

h.   Interest on the judgment at the legal rate from the date of judgment;

i.   Pre-judgment interest on Plaintiff's damages as allowed by law;

j.   All costs of court; and

k.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: _Brennan Clay_

**BRENNAN CLAY**
State Bar No. 24105609
brennan.clay@witheritelaw.com
attorney-in-charge

**SHELLY GRECO**
State Bar No. 24008168
shelly.greco@witheritelaw.com
**WITHERITE LAW GROUP, PLLC**
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been

forwarded to all counsel of record on the 27th day of May 2022, through the

Court's CM/ECF electronic notification system, or otherwise in accordance with

the Federal Rules of Civil Procedure.

_Brennan Clay_
**BRENNAN CLAY**

David Sargent
Sargent Law, P.C.
1717 Main Street, Suite 4750
Dallas, Texas  75201